(7 App. Div. 339)

## In re GREEN'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

TRANSFER TAX—PROPERTY CONVEYED TO TRUSTEE.

A conveyance of personal property to a trustee to collect and apply the income to the use of the grantor as long as she should live, and after her death to divide the property among certain persons, becomes effective on the execution of the deed and the delivery of the property, though the deed also provides that it "may at any time be modified or vacated by an instrument in writing to be executed by me [grantor] and by the said trustee," and such property is not taxable under the transfer tax law.

Appeal from surrogate's court, New York county.

Appraisal of the estate of Sarah H. Green, deceased, for taxation under the transfer tax law. The surrogate held that the property was not taxable, and the comptroller appeals. Affirmed.

The opinion of Surrogate FITZGERALD is as follows:

This is an appeal from an order entered herein fixing the transfer tax. The decedent died in the city of New York, where she resided, on the 21st day of May, 1893. She left a will, dated January 30, 1889, and a codicil, dated February 1, 1893, both of which were admitted to probate. Prior to her death, and on February 14, 1889, she executed and delivered to a trustee a trust deed, by which she assigned, transferred, and delivered to him, as trustee, certain securities. This trust deed provided that the trustee and his successors should hold the bonds in trust to collect and receive the income and interests thereon, and of all investments thereof, and apply the same to the use of the said decedent as long as she should live; and from and after her death the trustee was to divide and pay over the securities and proceeds thereof in equal shares amongst certain nieces named. That said deed also contained the following provision: "(3) Provided, however, that this instrument may at any time be modified or vacated by an instrument in writing to be executed by me and by the said trustee or his successor or successors." The trustee was empowered by the said deed to dispose of the

securities and all investments of the same, and to reinvest the proceeds in his discretion. The securities referred to in the trust deed were thereupon delivered to the trustee, and have ever since remained in his possession and under his control. On the 14th of November, 1890, the deed above mentioned was modified by written agreement, executed by the said decedent and trustee, so as to provide that the share of one of the nieces should be kept in trust for her by the trustee during her life, and the principal, upon her death, should be paid to her issue when the said issue should reach twenty-one years of age. It was further modified by an agreement executed by the de cedent and the said trustee on the 28th of October, 1891, by providing for the disposition of the respective shares in case of the death of the beneficiaries without issue. During the lifetime of the said decedent the trustee collected the income of the securities, and paid the same over to her periodically. The appraiser reported (an order was entered in conformity therewith) that the transfer of the property under the trust deeds referred to was made in contemplation of the death of said decedent, or was intended to take effect in possession or enjoyment at or after her said death, and that the said property is subject to the payment of the tax imposed by law. The propriety of the ex parte order entered on the appraiser's report must be determined by reference to chapter 399 of the Laws of 1892, the law in existence at the date of the decedent's death. That law has recently been construed by the court of appeals in Re Seaman's Estate, 41 N. E. 401, and a reference to the opinion in that case will show that the transfer in the case at bar can only be held liable to taxation upon one of two assumptions: First, that it was a gift mortis causa; or, second, that it was a conveyance in contemplation of death, to take effect upon the happening of that event, or reserving a power of revocation as well as the possession or enjoyment during the lifetime of the grantor. It will hardly be claimed that the transfer in question constituted a donatio mortis causa, for it lacks the essential requisite to such a gift of having been made in apprehension of death, and its effectiveness being dependent upon that event. The discussion is therefore necessarily confined to a consideration of whether the transfer was to take effect upon the happening of the death, or whether a power of revocation was reserved in the instrument, as well as the possession or enjoyment of the property during the lifetime of the donor. I am of the opinion that the transfer became effective upon the execution of the deed and the delivery of the securities in conformity therewith, and that the donees mentioned therein take a vested interest, liable, of course, to be defeated by their failure to survive the lifetime of the donor, or to any modification that might be agreed upon under its terms between the trustee and the donor. It was, therefore, the perfected transfer in the nature of a gift inter vivos, and not taxable. In re David's Estate.[1] It is claimed by and on behalf of the state that the power of revocation reserved in the deed rendered the transfer in its nature incomplete and ambulatory. It will be observed, however, that this power to revocate or modify required the assent of both parties thereto. The trustee stands in the same position as the donor. If the trustee desired to modify the instrument, he may do so only with the consent of the donor; and if the donor wishes to modify the instrument, she could do so only with the consent of the trustee. For all practical purposes, such a provision in the deed might have been omitted, for it simply states what would have been the rights of the parties thereto under the law. As between the parties to the transaction, the effect of a gift, if completely executed, is to effectually transfer the full title and ownership of the property from the donor to the donee, as much so as if the article had been sold for a valuable consideration. It is not, then, in the power of either the donor or donee to revoke it without the consent of the other. 8 Am. & Eng. Enc. Law, 1339, and cases cited. It is only when some-

---

[1] The decision in Re David's Estate, in surrogate's court, New York county, May 16, 1895, is as follows: "Fitzgerald, S. Transfers by deed are taxable only (1) when made in contemplation of the death of the transferror, or (2) are intended to take effect in enjoyment after the death of the transferror. The transfer herein is in the nature of a gift inter vivos, the taxation of which was not contemplated by the act, chapter 399 of the Laws of 1892."

thing remains to be done by or on behalf of the donor, which is not done before his death, that the gift fails to take effect. Submit order accordingly.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

B. F. Dos Passos, for appellant.

C. G. Frelinghuysen, for respondents.

PER CURIAM. Order affirmed, with costs, on opinion of the court below.

INGRAHAM, J., taking no part.